UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CMG WORLDWIDE, INC., an Indiana Corporation and MARILYN MONROE, LLC, a Delaware Limited Liability Company, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:05-CV-0415-RYL-TAB |
| THE MILTON H. GREENE ARCHIVES, LLC, an Oregon Limited Liability Company a/k/a M.H.G. Archives Inc., an Oregon Corporation, | ) ) ) ) | |
| Defendant. | ) | |

**ENTRY ON PENDING MOTIONS**

Plaintiffs CMG Worldwide, Inc. and Marilyn Monroe, LLC (collectively "CMG") filed this action less than three months ago. Yet already, through a flurry of highly contentious motions, the matter has derailed from the path to resolution, resulting in a procedural wreck. The Court now attempts to place the parties back on track.

After filing their original complaint, CMG filed a motion seeking to clarify when CMG perfected service upon The Milton H. Green Archives, LLC ("MHG"). [Docket No. 16]. MHG responded with a formal opposition to the motion to clarify, arguing that CMG did not properly effectuate service because CMG failed to comply with Indiana Rule of Trial Procedure 4.11. [Docket No. 29]. On the same day, MHG filed a motion to dismiss CMG's complaint, or alternatively to transfer venue. [Docket No. 25]. In the brief in support of its motion to dismiss, MHG argued, among other things, insufficiency of service of process. [Docket No. 26, pp. 10-16]. Thus the Court has two pending motions before it addressing the same issue. Although

CMG's motion to clarify came first, the Court believes the issue is more appropriately resolved through MHG's motion to dismiss. See Fed. R. Civ. P. 12(b)(5). Accordingly, CMG's motion to clarify is denied without prejudice.[1]

The parties' procedural issues do not, however, end with the denial of CMG's motion to clarify. In response to MHG's motion to dismiss, CMG chose to file an amended complaint, rather than opposing the motion. In addition, CMG filed a motion to set a briefing schedule "to clarify the procedural status of a pending Rule 12 motion in light of the Amended Complaint." [Docket No. 35, p. 1]. In reality, CMG's motion is not one for a briefing schedule. Instead, CMG seeks a declaration from the Court that MHG's motion to dismiss is moot given the filing of CMG's amended complaint. MHG opposed the motion arguing that CMG's amendment does not cure the deficiencies outlined in the motion to dismiss. As MHG notes, the Seventh Circuit Court of Appeals has " held that a district court need not permit the filing of an amended complaint, even when no responsive pleading has been filed, when examination of the proposed complaint makes clear that it does not cure the deficiencies of the original pleading and the amended complaint is doomed not to survive a motion to dismiss." Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84, 133 F.3d 1054, 1057 (7th Cir. 1998). However, the Court makes no such determination. Accordingly, MHG's motion to dismiss or, alternatively, to transfer venue [Docket No. 25] is denied as moot. CMG's motion to set briefing schedule [Docket No. 35] is granted. MHG shall respond to CMG's First Amended Complaint on or

---

[1] MHG also filed a motion to strike and objection to portions of CMG's reply brief in support of their motion to clarify. [Docket No. 33]. That motion is denied.

before July 5, 2005.[2]

      So ordered.  Dated: 06/13/2005

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2] The Court understands that the issue regarding service, discussed above, is not whether MHG eventually received proper service.  Rather, the issue is <u>when</u> MHG received proper service.  See [Docket No. 14, p. 1] ("The Plaintiffs attempted service by Certified Mail Return Receipt Requested upon Green Archives on March 30, 2005. Greene Archives contends that it has not been properly served in this matter but agreed to accept service through its counsel on April 19, 2005. Plaintiff's counsel objects to this statement and maintains that service was proper on March 30, 2005.").  This issue is also properly disposed of through MHG's motion to dismiss.  However, in the event that MHG chooses not to re-file its motion to dismiss on this issue, CMG may re-file its motion to clarify.

Copies to:

Daniel P. Byron
BINGHAM MCHALE
dbyron@binghammchale.com

James Braden Chapman II
DANN PECAR NEWMAN & KLEIMAN
jchapman@dannpecar.com

Eric M. Hylton
DANN PECAR NEWMAN & KLEIMAN
ehylton@dannpecar.com

Leo E. Lundberg Jr.
THE SONI LAW FIRM
leo@sonilaw.com

J. Lee McNeely
MCNEELY STEPHENSON THOPY & HARROLD
jlmcneely@msth.com

Jonathan G. Polak
DANN PECAR NEWMAN & KLEIMAN
jpolak@dannpecar.com

M. Danton Richardson
THE SONI LAW FIRM
danton@sonilaw.com

Rafael A. Sanchez
BINGHAM MCHALE
rsanchez@binghammchale.com

Surjit P. Soni
THE SONI LAW FIRM
surj@sonilaw.com

Amy L. Wright
DANN PECAR NEWMAN & KLEIMAN
awright@dannpecar.com